IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, | : |
| | : |
| | : Case No.: 1:21-cv-02698-KMT |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| BENJAMIN D. WILHELM; RIVER ROOTS | : |
| LLC; JONATHAN OCHMAN; AND | : |
| ALEJANDRA OCHMAN | : |
| | : |
| Defendants. | |

**DEFENDANT-COUNTERCLAIMANTS JONATHAN OCHMAN AND ALEJANDRA OCHMAN'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM FOR DECLARATORY JUDGMENT**

AND NOW, comes Defendants, Jonathan Ochman and Alejandra Ochman, by and through the undersigned attorneys and J.P. Ward & Associates, LLC, who timely file the within Answer to the Complaint, Affirmative Defenses, and Counterclaim, of which the following is a statement:

**ANSWER TO THE COMPLAINT**

1. DENIED. The allegations of Paragraph No. 1 are denied pursuant to Fed. R. Civ. P. 8(b)(5). After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Accordingly, the same are denied and strict proof thereof is demanded at the time of trial.

2. DENIED. The allegations of Paragraph No. 2 are denied pursuant to Fed. R. Civ. P. 8(b)(5). After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Accordingly, the same are denied and strict proof thereof is demanded at the time of trial.

3. DENIED. The allegations of Paragraph No. 3 are denied pursuant to Fed. R. Civ. P. 8(b)(5). After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Accordingly, the same are denied and strict proof thereof is demanded at the time of trial.

4. ADMITTED. The allegations of Paragraph No. 4 are admitted.

5. DENIED. The allegations of Paragraph No. 5 constitute conclusions of law to which no responsive pleading is required. Accordingly, the same are denied and strict proof thereof is demanded at the time of trial.

6. ADMITTED IN PART. It is admitted that one or more of the Defendants reside in the district and that a substantial part of the events giving rise to this action occurred in this judicial district. The allegation that the insurance policy was issued or delivered in this judicial district is denied pursuant to Fed. R. Civ. P. 8(b)(5). After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth that allegation. Accordingly, the same are denied and strict proof thereof is demanded at the time of trial.

7. ADMITTED. The Allegations of Paragraph No. 7 are admitted.

8. ADMITTED. The Allegations of Paragraph No. 8 are admitted.

9. ADMITTED. The Allegations of Paragraph No. 9 are admitted.

10. ADMITTED. The Allegations of Paragraph No. 10 are admitted.

11. ADMITTED. The Allegations of Paragraph No. 11 are admitted.

12. ADMITTED. The Allegations of Paragraph No. 12 are admitted.

13. DENIED AS STATED. It is admitted that Mr. Ochman stated in the Complaint that the assault occurred at 52711 Highway East 50, Boone, Pueblo County, Colorado 81025. This address was pleaded at the time based on Plaintiff's understanding and belief. However, as more

thoroughly explained in the Counterclaim for Declaratory Judgment below, the assault occurred on a parcel of land that includes 52711-52719 Highway East 50, Boone, Pueblo County, Colorado 81025. The street number for these addresses are essentially interchangeable and any allegation or inference from any such allegation that the assault did not also occur at 52719 Highway East 50, Boone, Pueblo County, Colorado 81025 is denied. The farm is operated on the parcel, which has multiple buildings, all of which are part of the same business operation. The issue concerning the addresses associated with the singular parcel number and lots ultimately do not give rise to a defense or right to deny coverage. Accordingly, the same are denied and strict proof thereof is demanded at the time of trial.

    14.    DENIED AS STATED. The complaint speaks for itself.

    15.    DENIED AS STATED. The complaint speaks for itself.

    16.    DENIED AS STATED. The complaint speaks for itself.

    17.    DENIED AS STATED. The complaint speaks for itself.

    18.    DENIED AS STATED. The complaint speaks for itself.

    19.    DENIED AS STATED. The complaint speaks for itself.

    20.    DENIED AS STATED. The complaint speaks for itself.

    21.    DENIED AS STATED. The complaint speaks for itself.

    22.    DENIED AS STATED. The complaint speaks for itself.

    23.    DENIED AS STATED. The complaint speaks for itself.

    24.    DENIED AS STATED. The complaint speaks for itself.

    25.    DENIED AS STATED. The complaint speaks for itself.

    26.    DENIED AS STATED. The complaint speaks for itself.

    27.    DENIED AS STATED. The complaint speaks for itself.

28. DENIED AS STATED. The complaint speaks for itself.

29. DENIED AS STATED. The complaint speaks for itself.

30. DENIED AS STATED. The complaint speaks for itself.

31. DENIED. The allegations of Paragraph No. 31 are denied pursuant to Fed. R. Civ. P. 8(b)(5). After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Accordingly, the same are denied and strict proof thereof is demanded at the time of trial.

32. DENIED. The allegations of Paragraph No. 32 are denied pursuant to Fed. R. Civ. P. 8(b)(5). After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Accordingly, the same are denied and strict proof thereof is demanded at the time of trial.

33. DENIED. The allegations of Paragraph No. 33 are denied pursuant to Fed. R. Civ. P. 8(b)(5). After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Accordingly, the same are denied and strict proof thereof is demanded at the time of trial.

34. DENIED. The allegations of Paragraph No. 34 are denied pursuant to Fed. R. Civ. P. 8(b)(5). After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Accordingly, the same are denied and strict proof thereof is demanded at the time of trial.

35. DENIED. The allegations of Paragraph No. 35 are denied pursuant to Fed. R. Civ. P. 8(b)(5). After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Accordingly, the same are denied and strict proof thereof is demanded at the time of trial.

36. DENIED. The allegations of Paragraph No. 36 are denied pursuant to Fed. R. Civ. P. 8(b)(5). After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Accordingly, the same are denied and strict proof thereof is demanded at the time of trial.

37. DENIED. The allegations of Paragraph No. 37 are denied pursuant to Fed. R. Civ. P. 8(b)(5). After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Accordingly, the same are denied and strict proof thereof is demanded at the time of trial.

38. DENIED. The allegations of Paragraph No. 38 are denied pursuant to Fed. R. Civ. P. 8(b)(5). After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Accordingly, the same are denied and strict proof thereof is demanded at the time of trial.

39. DENIED. The allegations of Paragraph No. 39 are denied pursuant to Fed. R. Civ. P. 8(b)(5). After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Accordingly, the same are denied and strict proof thereof is demanded at the time of trial.

40. DENIED. The allegations of Paragraph No. 40 are denied pursuant to Fed. R. Civ. P. 8(b)(5). After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Accordingly, the same are denied and strict proof thereof is demanded at the time of trial.

41. DENIED. The allegations of Paragraph No. 41 are denied pursuant to Fed. R. Civ. P. 8(b)(5). After reasonable investigation, Defendants are without knowledge or information

sufficient to form a belief as to the truth of the allegations contained in this paragraph. Accordingly, the same are denied and strict proof thereof is demanded at the time of trial.

42. DENIED. The allegations of Paragraph No. 42 are denied pursuant to Fed. R. Civ. P. 8(b)(5). After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Accordingly, the same are denied and strict proof thereof is demanded at the time of trial.

43. DENIED. The allegations of Paragraph No. 43 are denied pursuant to Fed. R. Civ. P. 8(b)(5). After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Accordingly, the same are denied and strict proof thereof is demanded at the time of trial.

44. DENIED. The allegations of Paragraph No. 44 are denied pursuant to Fed. R. Civ. P. 8(b)(5). After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Accordingly, the same are denied and strict proof thereof is demanded at the time of trial.

45. DENIED. The allegations of Paragraph No. 45 are denied pursuant to Fed. R. Civ. P. 8(b)(5). After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Accordingly, the same are denied and strict proof thereof is demanded at the time of trial.

46. DENIED. The allegations of Paragraph No. 46 are denied pursuant to Fed. R. Civ. P. 8(b)(5). After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Accordingly, the same are denied and strict proof thereof is demanded at the time of trial.

47.     DENIED.  The allegations of Paragraph No. 47 are denied pursuant to Fed. R. Civ. P. 8(b)(5).  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Accordingly, the same are denied and strict proof thereof is demanded at the time of trial.

48.     DENIED.  The allegations of Paragraph No. 48 are denied pursuant to Fed. R. Civ. P. 8(b)(5).  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Accordingly, the same are denied and strict proof thereof is demanded at the time of trial.

49.     DENIED.  The allegations of Paragraph No. 49 are denied pursuant to Fed. R. Civ. P. 8(b)(5).  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Accordingly, the same are denied and strict proof thereof is demanded at the time of trial.

50.     DENIED.  The allegations of Paragraph No. 50 are denied pursuant to Fed. R. Civ. P. 8(b)(5).  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Accordingly, the same are denied and strict proof thereof is demanded at the time of trial.

51.     DENIED.  The allegations of Paragraph No. 51 are denied pursuant to Fed. R. Civ. P. 8(b)(5).  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Accordingly, the same are denied and strict proof thereof is demanded at the time of trial.

52.     DENIED.  The allegations of Paragraph No. 52 are denied pursuant to Fed. R. Civ. P. 8(b)(5).  After reasonable investigation, Defendants are without knowledge or information

sufficient to form a belief as to the truth of the allegations contained in this paragraph. Accordingly, the same are denied and strict proof thereof is demanded at the time of trial.

53. Paragraph 53 of the Complaint is an incorporation clause to which no response is required.

54. DENIED. The allegations set forth in paragraph 54 are directed to Defendants Wilhelm and River Roots and are not directed at Answering Defendants and, therefore, no response from Answering Defendants is required. Accordingly, the same are denied and strict proof thereof is demanded at the time of trial.

55. DENIED. The allegations set forth in paragraph 55 are directed to Defendants Wilhelm and River Roots and are not directed at Answering Defendants and, therefore, no response from Answering Defendants is required. Accordingly, the same are denied and strict proof thereof is demanded at the time of trial.

56. DENIED. The allegations set forth in paragraph 56 are directed to Defendants Wilhelm and River Roots and are not directed at Answering Defendants and, therefore, no response from Answering Defendants is required. Accordingly, the same are denied and strict proof thereof is demanded at the time of trial.

57. DENIED. The allegations set forth in paragraph 57 are directed to Defendants Wilhelm and River Roots and are not directed at Answering Defendants and, therefore, no response from Answering Defendants is required. Accordingly, the same are denied and strict proof thereof is demanded at the time of trial.

58. DENIED. The allegations set forth in paragraph 58 are directed to Defendants Wilhelm and River Roots and are not directed at Answering Defendants and, therefore, no

response from Answering Defendants is required. Accordingly, the same are denied and strict proof thereof is demanded at the time of trial.

59. DENIED. The allegations set forth in paragraph 59 are directed to Defendants Wilhelm and River Roots and are not directed at Answering Defendants and, therefore, no response from Answering Defendants is required. Accordingly, the same are denied and strict proof thereof is demanded at the time of trial.

60. Paragraph 60 of the Complaint is an incorporation clause to which no response is required.

61. DENIED. The allegations set forth in paragraph 61 are directed to Defendants Wilhelm and River Roots and are not directed at Answering Defendants and, therefore, no response from Answering Defendants is required. Accordingly, the same are denied and strict proof thereof is demanded at the time of trial.

62. DENIED. The allegations set forth in paragraph 62 are directed to Defendants Wilhelm and River Roots and are not directed at Answering Defendants and, therefore, no response from Answering Defendants is required. Accordingly, the same are denied and strict proof thereof is demanded at the time of trial.

63. DENIED. The allegations set forth in paragraph 63 are directed to Defendants Wilhelm and River Roots and are not directed at Answering Defendants and, therefore, no response from Answering Defendants is required. Accordingly, the same are denied and strict proof thereof is demanded at the time of trial.

64. DENIED. The allegations set forth in paragraph 64 are directed to Defendants Wilhelm and River Roots and are not directed at Answering Defendants and, therefore, no

response from Answering Defendants is required. Accordingly, the same are denied and strict proof thereof is demanded at the time of trial.

65. DENIED. The allegations set forth in paragraph 65 are directed to Defendants Wilhelm and River Roots and are not directed at Answering Defendants and, therefore, no response from Answering Defendants is required. Accordingly, the same are denied and strict proof thereof is demanded at the time of trial.

66. DENIED. The allegations set forth in paragraph 66 are directed to Defendants Wilhelm and River Roots and are not directed at Answering Defendants and, therefore, no response from Answering Defendants is required. Accordingly, the same are denied and strict proof thereof is demanded at the time of trial.

67. DENIED. The allegations set forth in paragraph 67 are directed to Defendants Wilhelm and River Roots and are not directed at Answering Defendants and, therefore, no response from Answering Defendants is required. Accordingly, the same are denied and strict proof thereof is demanded at the time of trial.

68. DENIED. The allegations set forth in paragraph 68 are directed to Defendants Wilhelm and River Roots and are not directed at Answering Defendants and, therefore, no response from Answering Defendants is required. Accordingly, the same are denied and strict proof thereof is demanded at the time of trial.

69. DENIED. The allegations set forth in paragraph 69 are directed to Defendants Wilhelm and River Roots and are not directed at Answering Defendants and, therefore, no response from Answering Defendants is required. Accordingly, the same are denied and strict proof thereof is demanded at the time of trial.

70.     DENIED. The allegations set forth in paragraph 70 are directed to Defendants Wilhelm and River Roots and are not directed at Answering Defendants and, therefore, no response from Answering Defendants is required. Accordingly, the same are denied and strict proof thereof is demanded at the time of trial.

## AFFIRMATIVE DEFENSES

71.     Defendants, Jonathan Ochman and Alejandra Ochman, incorporate the foregoing paragraphs as though set forth at length.

72.     The complaint fails to state a claim for relief for which relief can be granted because the assault did take place on the insured premises.

73.     The assault occurred on a parcel of land that includes 52711-52719 Highway East 50, Boone, Pueblo County, Colorado 81025. The street number for these addresses are essentially interchangeable. This address was pleaded at the time based on Plaintiff's understanding and belief.

74.     The Plaintiff is estopped from denying coverage as the Plaintiff has agreed to defend Defendants' lawsuit.

75.     The Plaintiff has waived any claim for denying coverage as Plaintiff has agreed to defend Defendants' lawsuit.

76.     Defendants raise the applicable statute of limitations.

## COUNTERCLAIM
### COUNT I
**(Declaratory Judgment – Against Plaintiff Scottsdale Insurance Company)**

77.     Defendants, Jonathan Ochman and Alejandra Ochman, incorporate the foregoing paragraphs as though set forth at length.

78. This is a claim for declaratory judgment pursuant to 28 U.S.C. § 2201, for the purpose of determining a question in actual controversy between the parties.

79. Plaintiff claims denial of coverage based on the false assumption that the loss did not occur on the covered premises.

80. Plaintiff supports this claim because Mr. Ochman stated in the Amended Complaint that the incident occurred at 52711 Highway East 50, Boone, Pueblo County, Colorado 81025, and not 52719 Highway East 50, Boone, Pueblo County, Colorado 81025, as is listed in their insurance agreement with Defendants Benjamin Wilhelm and River Roots, LLC.

81. However, the incident actually occurred on a parcel of land No. 12-110-09-002 that encompasses all addresses 52711 through 52719 per the county property records. (See Exhibit "A," the "Site Map").

82. Previously filed permitting applications show that these addresses both refer to the same parcel and contain the same "Legal Description of Property." (See Exhibit "B," the "Building Permits").

83. Significantly, the Legal Description of Property (Exhibit B) and the Site Map (Exhibit A) are both referring to the same lot of land, although the addresses are different.

84. Furthermore, the Pueblo County Department of Planning and Development also refer to this parcel of land for River Roots' Marijuana licensing. (See Exhibit "C," the "Marijuana License").

85. The marijuana grow operation is not located at Jason Higley's address. Therefore, that could not have been the intention of the parties to the insurance contract, because the insurance coverage would be wholly ineffective. Plaintiff insurance company is attempting to take

advantage of an immaterial distinction in order to deny coverage. There are two addresses that refer to the same parcel and business operation.

86. Defendant, Jonathan Ochman, could amend his complaint in Case No. 21-cv-00085-SKC, to allege the incident occurred at Parcel No. 12-110-09-002 or 52711-52719 Highway East 50, Boone, Pueblo County, Colorado 81025. The allegations would still be wholly truthful and accurate and Plaintiff could not deny coverage.

87. Furthermore, Mr. Ochman was a business invitee on the premises owned by Defendant River Roots and Benjamin Wilhelm for purposes of operating a marijuana farm insured by Plaintiff. The operation of the marijuana farm pursuant to licenses and permits occurred on a parcel, and lot , which was referred to as 52711-52719 Highway East 50, Boone, Pueblo County, Colorado 81025.

88. Plaintiff's argument amounts semantics. Plaintiff is attempting to take advantage of a trial issue with the numeric address, which was created by the property owners. In reality each address refers to the same property, upon which the assault took place.

89. A judicial determination and declaration of the rights and obligations of the parties are necessary and appropriate at this time.

**PRAYER FOR RELIEF**

Wherefore, Defendants Jonathan Ochman and Alejandra Ochman respectfully request that the court enter a declaratory judgment in their favor and against Plaintiff, Scottsdale Insurance Company, declaring that Plaintiff Scottsdale Insurance Company owes a duty under the Policy to defend, indemnify, or otherwise provide coverage with respect to the following civil action: *Jonathan Ochman et al. v. Benjamin D. Wilhelm and River Roots, LLC*, Case No. 21-cv-00085-CMA-SKC (U.S.D.C., D. Colo.).

                                    Respectfully submitted,

                                    **J.P. WARD & ASSOCIATES, LLC.**

Date: December 2, 2021                     By: _____
                                    Joshua P. Ward (Pa. I.D. No. 320347)

                                    J.P. Ward & Associates, LLC.
                                    The Rubicon Building
                                    201 South Highland Avenue
                                    Suite 201
                                    Pittsburgh, PA 15206

                                    Counsel for Defendants